IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD MILTON, | : | |
| **Plaintiff,** | : | |
| v. | : | CASE No.   CV-12-BE-864-E |
| LIFE INSURANCE COMPANY OF, NORTH AMERICA; HONDA MANUFACTURING OF ALABAMA, LLC and HONDA OF AMERICA MANUFACTURING, INC. HEALTH & WELFARE BENEFITS PLAN NO. 510 | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

This matter comes before the court on "Honda Manufacturing of Alabama, LLC and Honda of America Manufacturing, Inc. Health & Welfare Benefits Plan's Motion to Dismiss and Incorporated Memorandum of Law in Support Thereof" (doc. 10) and this court's "Order to Show Cause" (doc.12) to which the Plaintiff responded (doc. 14), the Honda Defendants replied (doc. 17), and the Plaintiff filed a subsequent sur-reply (doc. 21).  For the reasons stated in this Memorandum Opinion, the court finds that the motion to dismiss is due to be GRANTED.

The Plaintiff disagrees, arguing that dismissal of the Honda Defendants is inappropriate or premature.  The court notes at the outset that all parties agree to the proposition that the Plan Administrator is generally a proper party to ERISA litigation challenging the Administrator's actions and that an employee benefit plan is an ERISA entity that may be sued in certain

1

circumstances. However, authorities stating those general propositions do not necessarily mandate the inclusion of the Honda Defendants in this specific instance. Accordingly, the court must determine whether, based on the allegations in Counts One and Two of the Complaint in this case, those Defendants are subject to dismissal in this case.

*Count One: A Claim for Benefits under 29 U.S.C. § 1132(a)(1)(B)*

In Count One, the Plaintiff brings a claim under 29 U.S.C. § 1132(a)(1)(B), asserting that "LINA wrongfully, and in violation of its obligations under ERISA, terminated and denied the Plaintiff's claim for long term disability benefits." In paragraphs 9 and 10 of the Complaint, the Plaintiff acknowledges that "[a]ll claims decisions regarding the Plaintiff's long term disability benefits were made solely by employees of LINA. . .[; that] Honda had no involvement in the claim decision making process for the Plaintiff's long term disability claim[; and] upon information and belief from plan documents that Honda has contracted with third party LINA 'to decide claims and provide other related services' as well as delegated all administrative obligations to LINA." (Compl. Doc. 1, at 5). Consistently with these allegations, in its Answer, LINA "admits that it administers LTD claims under the policy and that it alone made the benefits decision at issue in the instant action." (LINA's Answer, Doc. 13 ¶ 9).

As the party with decisional control over the Plaintiff's benefits claim, LINA is the only proper defendant in an action concerning ERISA benefits. *See Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186, 187 (11th Cir. 1997) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan."); *see also Peters v. Hartford Life & Accident Ins. Co.,* 367 Fed. Appx 69, 71 (11th Cir. 2010) (per curiam) (affirming the dismissal of the former employer and holding that the proper party to be held answerable in an action

regarding ERISA claims benefits is the insurance company that was the named fiduciary for the payment of benefits); *Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 888, 908 (11th Cir. 1997) (concluding that, under § 502(a)(1)(B), an "order enjoining the payment of benefits from an ERISA plan must issue against a party capable of providing the relief requested," not the ERISA plan itself); *Henderson v. Transamerica Occidental Life Ins. Co.,* 120 F. Supp. 2d 1278, 1282 (M.D. Ala. 2000) (granting summary judgment in favor of the employer, finding that, absent evidence of employer's decisional control over benefits decision, the employer was not a proper defendant to the plaintiff's wrongful denial of benefits claim).

The Plaintiff disagrees that LINA should proceed as the sole Defendant. As support for the *Plan's* continued presence in the case, he cites 29 U.S.C. § 1132(d)(1), providing "[a]n employee benefit plan may sue or be sued," and cases quoting that statutory language or acknowledging that an employee benefit plan is an ERISA entity. While the court would agree that an employee benefits plan is an ERISA entity and is subject to suit *in some instances*, that proposition does not mean that a plan is a proper party in *every* ERISA case. In this particular case, the Complaint contains no allegations or request for relief that would warrant the Plan's inclusion as a party.

Further, the court can find no support for the Plaintiff's position in the cases that he cites. For example, *Wilson v. Coman*, a district court case upon which the Plaintiff relies, identifies an employee benefit plan as an ERISA entity, but that case does not stand for the proposition that the plan was a necessary or proper party to the lawsuit seeking benefits under an ERISA plan. Indeed, the *Wilson* case did not involve a claim for benefits under an ERISA plan and the plaintiff employee in that case did not attempt to name the plan as a defendant. 284 F. Supp. 2d 1319, 1347 (M.D. Ala. 2003).

3

Another case that the Plaintiff cites as support, *Mackey v. Lanier Collection Agency & Serv., Inc.,* also did not involve an employee's claim for benefits under an ERISA plan, but rather, was a garnishment suit brought by a collection agency to collect a judgment by garnishing a welfare benefits plan, and thus, is inapposite. 486 U.S. 825 (1988). In a third case that the Plaintiff cites, *Black & Decker Disability Plan v. Nord*, a plan was indeed a named party to a claim for benefits under an ERISA plan, but the decision did not squarely address whether the plan was a proper party and the decision does not indicate that the parties even raised this issue. 538 U.S. 822 (2003). The court notes that the various Circuit Courts of Appeal have taken different approaches about whether the plan is appropriately included in ERISA suits for benefits under 29 U.S.C. § 1132(a)(1)(B), and the *Black & Decker* case was not a case originating in Eleventh Circuit. *See, e.g.,* Candace Budy & Richard Bales, *Naming a Defendant in an ERISA Action,* 9 Transactions 317 (Spring 2008) (noting the varying approaches among different Circuits regarding the proper parties in ERISA cases). In any event, the court reiterates that the Supreme Court did not address this issue in the *Black & Decker* decision. Further, in light of the different approaches that various Circuit Courts of Appeal take, the court need not and does not address case law from other circuits. In sum, the court finds no support in these decisions for the Plaintiff's argument that, based on the allegations in the Complaint at bar, the Honda Plan itself is a proper named party. Rather, the Eleventh Circuit's direction is that the proper party in such cases is the entity that controls administration of the plan. *Garren,* 114 F.3d at 187.

As support for the employer's remaining in this case as a named party in addition to LINA, the Plaintiff cites *Hamilton v. Allen-Bradley Co.,* 244 F.3d 819, 824 (11th Cir. 2001), and two district court cases, *Creighton v. Cont'l Airlines, Inc.,* 321 F. Supp. 2d 1309, 1310 (M.D. Fla. 2004)

and *Sahlie v. Nolen,* 984 F. Supp. 1389, 1394 (M.D. Ala. 1997).

In the Eleventh Circuit's *Hamilton* decision, the Court of Appeals acknowledged that the plan administrator was a proper party and found that the "key question" was whether the employer "had sufficient decisional control over the claims process [to] qualify it as a plan administrator. . . ." 244 F.3d at 824.  The facts of that case reflected that the employer required employees to begin the claims process by contacting the employer's HR department and that the employer supplied the application for disability benefits.  In light of the employer's involvement in the claims process, the Eleventh Circuit found that the employer qualified as a plan administrator.  *Id.*

However, the *Hamilton* decision is inapposite to the instant situation, where the Complaint on its face acknowledges that Honda *"had no involvement in the claim decision process* . . .[and] no role in deciding the Plaintiff's claim." Compl. Doc. 1, ¶¶ 9-10 (emphasis added).  Although the Plaintiff in this case now suggests that he requires discovery to determine the extent of Honda's discretion, that argument makes no sense in light of the allegations of the Complaint; surely the Plaintiff is not suggesting that he needs discovery to *disprove* his own allegations that Honda had no involvement in the claims process.

The other decisions that Plaintiff cited to support his position on this issue are district court decisions that are not binding on this court; however, the court will examine them to determine whether they provide persuasive analysis that is relevant to this court's determination.  In *Creighton v. Continental Airlines, Inc.,* the district court agreed with the plaintiff that dismissal of the employer was not appropriate before discovery could be conducted to determine whether the employer or the insurance company, or both, qualified as the plan administrator. The *Creighton* plan documents appeared to identify the employer as the plan administrator but the parties disputed whether the

5

employer had delegated all claims administration responsibility to the insurance company. 321 F. Supp. at 1310.  In the instant case, however, the allegations of the Complaint acknowledge that Honda had delegated all claims administration to LINA, allegations that LINA has confirmed.  Therefore, unlike the district court in *Creighton*, this court need not postpone dismissing the employer until that confirmation occurs.

The court also finds no support in the *Sahlie v. Nolan* case for retaining Honda as a defendant.  In that case, the plaintiff sued the employer and the plan trustees in their capacities as the trustees of the plan and as individuals.  Stating that the plan was administered by an employer-appointed committee comprising of trustee defendants, the district court found that neither the employer nor the trustee defendants as individuals could "be held liable for any benefits owed the plaintiffs under the Plan," and it dismissed those parties. 984 F. Supp. at 1393, &1403-04.  This court cannot fathom how the d*ismissal* in *Sahlie* of the employer who had delegated claim administration responsibility supports the *retention* in the instant case of the employer who likewise had delegated claim administration responsibility.

In sum, the appropriate party defendant in a claim 29 U.S.C. § 1132(a)(1)(B) for wrongful denial of benefits is the entity or entities making that decision.  Where the allegations of the Complaint state that LINA is the sole party handling claims and making claims decisions, and where LINA's Answer confirms those allegations, LINA is the only proper Defendant as to those claims.  Therefore, based upon the relevant case law applied to the allegations in the Complaint and the information in LINA's Answer and the Honda Defendants' motion and brief, all stating that LINA and not Honda had decisional control over benefits claims, the court finds that Count One does not state a claim upon which relief can be granted as to the Honda, the employer.  Further, as discussed

above, the court finds that Count One does not state a claim upon which relief can be granted as to the Honda Plan.

*Count Two: Wrongful Refusal to Provide Information under 29 U.S.C. § 1132(c)*

In Count Two, the Plaintiff seeks penalties under 29 U.S.C. § 1132(c) for wrongful refusal to provide information requested. In that Count, the Plaintiff repeatedly refers to requests for information that he made *to LINA* but which *LINA* allegedly failed to provide. The only reference to the Honda Defendants in Count Two is in the last paragraph of that count: "In the event that LINA cannot be subjected to such a penalty, then Defendant Honda, as the plan administrator, is responsible for LINA's breach of fiduciary duty, as LINA was the chosen Claim Administrator, and. . .[a]s a result, Honda is also subjected to penalties. . . ." (Compl. Doc.1, ¶ 59, at 21). The Plaintiff has not alleged that the Honda Defendants wrongfully failed to comply with any request for documents that they had a duty to provide. Further, he has not alleged a basis for holding the Honda Defendants liable for the acts or omissions of LINA. Therefore, Count Two does not state a claim upon which relief can be granted as to the Honda Defendants.

In sum, the court finds that the Honda Defendants' motion to dismiss is due to be GRANTED in its entirety. The court will enter a separate Order DISMISSING WITHOUT PREJUDICE the claims against the Honda Defendants in Counts One and Two, and DISMISSING the Honda Defendants as party Defendants. This case will proceed with the claims against Defendant LINA.

Dated this 20th day of June, 2012.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE